THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES PACKARD,                          )
                                          )
          Plaintiff,                      )       CIVIL ACTION NO:
                                          )
                                          )       Glynn State Court Civil Case No.: CV
                                          )       2015-0082
v.                                        )
                                          )
TEMENOS ADVISORY, INC. and                )
GEORGE L. TAYLOR,                         )
                                          )
          Defendants.                     )
_____)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant George L. Taylor ("Taylor") by and

through undersigned counsel, hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332,

1367, 1441, 1446, and Rule 81 of the Federal Rules of Civil Procedure, and hereby gives notice of

removal of CAFN CV-2015-0082 of the State Court of Glynn County, Georgia to the United States

District Court for the Southern District of Georgia, Brunswick Division. Co-Defendant Temenos

Advisory, Inc. has not yet been served in this action. In support of removal, the Defendants

respectfully state as follows:

A. **Statement of Removal**

1. On or about May 1, 2015, Plaintiff George L. Packard (hereinafter "Plaintiff") commenced

   this action by filing a Complaint in the State Court of Glynn County, Georgia, styled No.

   CV2015-0082.

2. Defendant George Taylor is a citizen and resident of the state of Connecticut.

1

3. Service was improperly attempted on George Taylor on June 11, 2015 by leaving a copy of the Summons and Complaint in the door jam of an office building located on Mr. Taylor's residence.

4. Mr. Taylor has not sought similar relief before.

5. Defendant Temenos Advisory, Inc. has not yet been served in the lawsuit.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other papers in the State Court Action are attached hereto as **Exhibit "A"** and are incorporated herein by reference. At this time, Defendant George L. Taylor has filed a responsive pleading.

7. Pursuant to 28 U.S.C. § 1332, this Court has removal jurisdiction over the present case because the amount in controversy exceeds $75,000 and the parties are completely diverse.

**B.   <u>Subject Matter Jurisdiction</u>**

1. Plaintiff Charles Packard is a citizen of the state of Georgia.

2. Plaintiff alleges damages in excess of $75,000. He claims damages in excess of $108,175 due to alleged wrongful withholding of commissions and breach of contract, in addition to punitive damages and attorney's fees.

3. Defendant Temenos Advisory, Inc. is incorporated in the state of Connecticut, and its principal place of business is in Connecticut. As a corporation, Defendant Temenos Advisory, Inc's citizenship for purposes of establishing diversity under 28 U.S.C. § 1332(c)(1) is based upon every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business.

4. Defendant George Taylor is a citizen of the state of Connecticut. He is not a citizen of the state of Georgia.

5.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after receipt by the defendant of the initial pleadings.

6.   Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the present case because the amount in controversy exceeds $75,000 and the parties are completely diverse.

**C.   Venue and Removal Pursuant to 28 U.S.C. §§ 1441 and 1446**

7.   Removal to the Brunswick Division of the U.S. District Court for the Southern District of Georgia is proper under 28 U.S.C. § 1446(a) because it is the district and division embracing Glynn County, Georgia, the place where this action is pending.

8.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed with this Court within thirty (30) days after the receipt by defendant of a copy of the initial pleading.

9.   This case is a civil action within the meaning of 28 U.S.C. §§ 1441 relating to the removal of civil actions.

10.   A copy of all process, pleadings and orders filed in the State Court Action is being contemporaneously filed with this Notice and attached hereto as **Exhibit "A"** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings or orders filed by or served upon Taylor as of the date of service of this Notice of Removal.

11.   Counsel certifies that a copy of this Notice of Removal will be promptly filed with the Clerk of the State Court of Glynn County, Georgia and shall be served on all adverse parties, as required by 28 U.S.C. § 1446(d).

**D.   Effectuation of Removal**

12.   Taylor hereby removes this action to the United States District Court for the Southern District of Georgia, Brunswick Division, and expressly consents to such removal.

3

13.     The allegations in this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

WHEREFORE, Taylor hereby removes this action to the United States District Court for the Southern District of Georgia, Brunswick Division.

Respectfully submitted this 13th day of July, 2015.


ROBERTS TATE, LLC

\s\ *James L. Roberts, IV*
James L. Roberts, IV
Georgia Bar No. 608580
jroberts@robertstate.com
Lacey Houghton
Georgia Bar No. 363614
lhoughton@robertstate.com


Post Office Box 21828
St. Simons Island, Georgia 31522
(912) 638-5200 – Office
(912) 638-5300 – Fax

4

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,       )
                   )
      Plaintiff      )
                   )
v.                 )     CIVIL ACTION NO. _CV 2015 00082_
                   )
TEMENOS ADVISORY, INC.  )
and GEORGE L. TAYLOR,   )
                   )
      Defendants   )

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

Temenos Advisory, Inc.
c/o Registered Agent George Taylor
200 Plantation Chase
St. Simons Island, Georgia

      You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

W. Andrew Bowen, Esq.
Bowen Painter, LLC
P.O. Box 8966
Savannah, GA 31412

an answer to the complaint which is herewith served upon you, within 30 days after service of an Amended Complaint accompanied by an Affidavit pursuant to O.C.G.A. § 9-11-9.1 this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This ____1 day of __May____, 2015.

Deputy Clerk, Superior Court of Glynn County, Georgia
Not valid until signed by a Deputy Court Clerk, above.

EXHIBIT
A

TO: Caroline    Page 4 of 10    2015-06-23 14:06:25 (GMT)    19123353537 From: Bowen Painter

## IN THE STATE COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CHARLES PACKARD,               )
        Plaintiff                )
                     )
v.                             )    CIVIL ACTION NO. CV 201500 82
                     )
TEMENOS ADVISORY, INC.         )
and GEORGE L. TAYLOR,          )
                     )
        Defendants               )

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

George L. Taylor
265 Chestnut Hill Road
Litchfield, CT

      You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

                W. Andrew Bowen, Esq.
                Bowen Painter, LLC
                P.O. Box 8966
                Savannah, GA 31412

an answer to the complaint which is herewith served upon you, within 30 days after service of an Amended Complaint accompanied by an Affidavit pursuant to O.C.G.A. § 9-11-9.1 this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This ___1___ day of ___May___, 2015.

_____
Deputy Clerk, Superior Court of Glynn County, Georgia
Not valid until signed by a Deputy Court Clerk, above.

To: Caroline   Page 5 of 10          2015-06-23 14:06:25 (GMT)          19123353537 From: Bowen Painter

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                )
                                )
            Plaintiff            )
                                )
v.                              )          CIVIL ACTION NO. CV 20150082
                                )          JURY TRIAL DEMANDED
TEMENOS ADVISORY, INC.          )
and GEORGE L. TAYLOR,           )
                                )
            Defendants           )

## COMPLAINT

COMES NOW the Plaintiff, Charles Packard, by and through his undersigned counsel, and files this Complaint and shows this Court as follows:

### PARTIES

1.    Plaintiff Charles Packard at all times material hereto was a resident in Glynn County, Georgia.

2.    Defendant Temenos Advisory, Inc. (hereinafter "Temenos") is a Connecticut Corporation licensed to do business in Georgia and service of process may be made on its Registered Agent, George Taylor, 200 Plantation Chase, St. Simons Island, Georgia.

3.    Defendant George Taylor is a resident of Connecticut and service of process may be made upon him at 265 Chestnut Hill Road, Litchfield, Connecticut.

### FACTS

4.    At all times relevant hereto Defendants entered into a contractual relationship with Plaintiff and maintained a principal office in Glynn County, Georgia.

5.      In July 2010 Temenos and George Taylor, its principal, entered into a verbal employment contract with Plaintiff.

6.      In performance of his obligations under said contract, Plaintiff commenced to work for Defendants as a financial advisor.

7.      In performance of their obligations under said contract, Defendants paid Plaintiff certain allowances for expenses, certain club memberships, health insurance, and a percentage of the revenue from clients obtained for Defendants.

8.      Among the contractual obligations of Defendants were payments to Plaintiff of 100% of Temenos' finder's fees for all amounts generated by Plaintiff related to the MutuaIink Round B offering which was part of Temenos' business. Plaintiff was entitled to receive $50,175.00 as his commission. Defendants ultimately paid Plaintiff $32,000.00 and have refused to pay the additional $18,175.00 owed to Plaintiff.

9.      Defendants have recognized their obligation to pay Plaintiff these monies but have refused to do so.

10.     Defendants apparently now feel the deal they struck with Plaintiff was unfair to them and have unilaterally changed the terms of the agreement after the fact. ·

11.     Plaintiff was also entitled to 40% of Defendants' fees from all client accounts he generated for Defendants' business. Defendants owe Plaintiff an unpaid balance of $40,000.00 on client accounts generated and have refused to pay Plaintiff that amount, again claiming, after the fact, that the deal it struck was not advantageous to Defendant.

12.     Defendant also promised to pay Plaintiff 50% of all commissions paid to Defendants for Life Insurance Policies and/or Annuities sourced by Plaintiff.

To: Caroline    Page 7 of 10              2015-06-23 14:06:25 (GMT)              19123353537  From: Bowen Painter

13.    Despite securing life insurance policies for multiple clients and two annuities, Defendants have refused to pay the agreed to commissions to Plaintiff and have refused to provide an accounting of the amount of commissions received from these policies/annuities.

14.    The total amount of payments earned by Plaintiff which Defendants have refused to pay is in excess of $50,000.00.  Plaintiff is unable to determine the total amount owed by Defendants as Defendants have not revealed to Plaintiff the total amount of commissions generated from business and clients introduced by Plaintiff.

15.    Despite Plaintiff's demand for payment, Defendants have refused to make any payments to Plaintiff, instead unilaterally claiming to have changed the terms of the contract they entered into with Plaintiff after Plaintiff had earned the above stated compensation under said contract.

16.    Defendants actions constitute a breach of their duty of good faith and fair dealings entitling Plaintiff to attorneys fees and expenses of litigation for having to bring this action to enforce his rights.

17.    Defendants actions in denying Plaintiff payment which he has earned and which Defendants are obligated to pay by claiming to have unilaterally changed the payment terms of Plaintiff's contract after Plaintiff had earned said compensation have been willful and malicious and without justification, entitling Plaintiff to Punitive Damages from Defendants.

WHEREFORE, Plaintiff prays as follows:

a.   For judgment against Defendants in the amount of $108,175, plus additional commissions related to Life Insurance and Annuity business;

b.   For Punitive Damages from Defendants

c.   For payment of attorney's fees and expenses incurred in this action;

d.  For costs of court;

e.  For a trial by jury;

f.  For such further relief as the court deems just.

This 30th date of ___April___, 2015.

BOWEN PAINTER, LLC

W. Andrew Bowen, Esq.
GA Bar No. 071398
P.O. Box 8966
Savannah, GA 31412
912-335-1909 Phone
912-335-3537 Fax
andrew@bowenpainter.com
Attorney for Plaintiff

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES PACKARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. CV201500082 |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| TEMENOS ADVISORY, INC. | ) | |
| and GEORGE L. TAYLOR, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S NOTICE OF UNRELATEDNESS
## CERTIFICATION UNDER RULE 3.2

COMES NOW the Plaintiff, in the above-styled action and, pursuant to Rules 3.2 and 3.4

of the Uniform State Court Rules of Georgia, by and through counsel, hereby certify that no case

has heretofore been filed in this Court involving substantially the same parties or substantially

the same subject matter or substantially the same factual issues which would require the

pleadings to be specifically assigned to the Judge whom the original action was or is assigned.

Submitted this 30ᵗʰ day of April, 2015.

BOWEN PAINTER, LLC

By:   W. Andrew Bowen, Esq.
      GA Bar Number 071398
      Post Office Box 8966
      Savannah, Georgia 31412
      Ph. (912) 335-1909
      Fx. (912) 335-3537
      andrew@bowenpainter.com

05/23/2015  11:02   9122613049          GLYNN CTY STATE CT                    PAGE  01/01



GLYNN COUNTY
SHERIFF'S OFFICE          20216l

*Return of Service in the matter of:*          Case Number **CV20 1500 8 2**

Charles Packard                          Cause of Action _____

**Vs** Temenos Advisory, Inc. and          W. Andrew Bowen
                          _____
                          Plaintiff(s)          *Plaintiff or Plaintiff's Attorney*

George L. Taylor          ***NAME and ADDRESS of the PERSON TO BE SERVED***
_____
                          Defendant(s)          Temenos Advisory Inc.

_____          c/o Registered Agent, George L. Taylor

_____          200 Plantation Chase, St. Simons Island, GA
                    Garnishee

# SHERIFF'S  RETURN  OF  SERVICE

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _____ day of _____, 20 ___ I did serve the summons and complaint on the above named defendant at _____
                          *(Street Address)*
                          *(City, State / Zip)* a place, by:

[ ]  **PERSONAL SERVICE**   I have this day served the Defendant. _____ with a true copy of the within petition and summons.

[ ]  **RESIDENTIAL SERVICE**   I have this day served the Defendant, _____ with his/her, _____ a person residing a true copy of the within petition and summons by serving same upon residing within the premises.

[ ]  **CORPORATE SERVICE**   I have this day served the Defendant, _____ a corporation, with a true copy of the within petition and summons by handing the same in person to _____ officer of the corporation.

[ ]  **TACKED AND MAILED SERVICE**   I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

[ ]  **GARNISHEE**   I have this day served the Summons of garnishment upon _____ by handing the original of same to _____, a person, at _____, he/she being the _____ and agent in charge of _____ at the time of service in Chatham County.

[ ]  **MAILED  SERVICE**   This is to certify that I have this day served the defendant, _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

[✓]  **DILIGENT SEARCH**   Diligent search was made and Defendant is not to be found in the jurisdiction of this Court.

*Approved*

Nc 15 l3  09:40

George L. Taylor - (New Address)
265 Chestnut Hill Rd.
Litchfield, Ct. 06759          Sheriff / Deputy Sheriff, Glynn County, Georgia

**PRINT**          **SHERIFF'S COPY**          23. Sheriff's Entry of Service 09-11

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☑ State

**County** Glynn     **Date Filed** 5-1-15
MM-DD-YYYY

**Docket #** STCV 2015 20082

### Plaintiff(s)

Packard, Charles

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|
| Last | First | Middle I. | Suffix Prefix | Maiden |
| Last | First | Middle I. | Suffix Prefix | Maiden |
| Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Plaintiffs** 1

### Defendant(s)

Temonos Advisory, Inc.

Taylor, George L.

| Last | First | Middle I. | Suffix Prefix | Maiden |
|------|-------|-----------|---------------|--------|
| Last | First | Middle I. | Suffix Prefix | Maiden |
| Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Defendants** 2

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

Bowen, W. Andrew

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 071398

---

**Check Primary Type (Check only ONE)**

☑ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify_____

---

**If Tort is Case Type:**
**(Check no more than TWO)**

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify_____

---

Are Punitive Damages Pleaded?   ☑ Yes  ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

15. General Civil Case Filing Information Form (Non-Domestic) 01-15

State of Connecticut

    City of: Litchfield                         June 11, 2015

County of New Haven

        Then and there by virtue hereof and the special direction of The Plaintiff's Attorney, I made due an legal service upon the within named Defendant: **George L. Taylor** by leaving at the usual place of abode at **265 Chestnut Hill Road, Litchfield, Connecticut,** a true and attested copy of the within, Summons, Complaint, Plaintiff's Notice Of Unrelatedness Certification Under Rule 3.2 & Exhibit, with my endorsement thereon.

        The within and foregoing is the Original Summons, Complaint, Plaintiff's Notice Of Unrelatedness Certification Under Rule 3.2 & Exhibit, with my doings endorsed hereon.

                                Attest:

                                Michael Brown
                                State Marshal

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                )
                                )
        Plaintiff,              )
                                )       Civil Case No.: CV-2015-0082
v.                            ⸗  )
                                )
TEMENOS ADVISORY, INC. and      )
GEORGE L. TAYLOR,               )
                                )
        Defendants.             )
_____)

## SPECIAL APPEARANCE AND ANSWER AND DEFENSES OF GEORGE L. TAYLOR

COMES NOW, George L. Taylor, Defendant in the above-captioned matter, and hereby

file this, his Special Appearance Answers and Defenses to the Complaint:

### FIRST DEFENSE

This Court lacks personal jurisdiction over this Defendant.

### SECOND DEFENSE

This Defendant raises the defense of insufficiency of process.

### THIRD DEFENSE

This Defendant raises the defense of insufficient of service of process.

### FOURTH DEFENSE

This Court is not the proper venue for claims against Defendant.

### FIFTH DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

### SIXTH DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

1

## SEVENTH DEFENSE

The Complaint is barred by the doctrine of estoppel.

## EIGHTH DEFENSE

This Defendant raises the affirmative defense of laches.

## NINTH DEFENSE

This Defendant raises the affirmative defense of release.

## TENTH DEFENSE

This Defendant raises the affirmative defense of statute of limitations.

## ELEVENTH DEFENSE

This Defendant raises the affirmative defense of Statute of Frauds.

## TWELFTH DEFENSE

This Defendant raises the defense of failure of consideration.

## THIRTEENTH DEFENSE

Responding to the paragraphs of the Complaint, this Defendant states as follows:

1.

This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of allegations contained in Paragraph 1 of the Complaint, and accordingly, denies the same.

2.

This Defendant admits Defendant Temenos Advisory, Inc. ("Temenos") is a Connecticut corporation licensed to do business in Georgia but denies the remaining allegations contained in Paragraph 2 of the Complaint.

2

3.

This Defendant admits he is a resident of Connecticut and lives at 265 Chestnut Hill Road, Litchfield, Connecticut but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.

This Defendant denies the allegations as stated in Paragraph 4 of the Complaint.

5.

This Defendant denies the allegations as stated in Paragraph 5 of the Complaint.

6.

This Defendant admits that Plaintiff worked for Temenos as a financial advisor but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.

This Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

This Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

This Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

This Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

This Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

This Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

This Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

This Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

This Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

This Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

This Defendant denies the allegations contained in Paragraph 17 of the Complaint.

Defendant further denies Plaintiff's prayer for relief and that Plaintiff is entitled to any relief from this Court.

WHEREFORE having fully answered all parts, subparts and paragraphs of the Complaint, this Defendant respectfully requests this Court dismiss this Complaint, cast all costs upon the Plaintiff, and for such other relief as this Court deems proper.

RESPECTFULLY SUBMITTED, this _13_ day of July, 2015.

ROBERTS TATE, LLC

BY:_____
        James L. Roberts, IV
        State Bar No. 608580
        jroberts@robertstate.com
        Martina G. Palatto
        State Bar No. 636027
        jtate@robertstate.com
        ATTORNEYS FOR DEFENDANT

4

Post Office Box 21828
St. Simons Island, Georgia 31522
(912) 638-5200
(912) 638-5300 – Fax

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,               )
                               )
        Plaintiff,             )
                               )      Civil Case No.: CV-2015-0082
v.                             )
                               )
TEMENOS ADVISORY, INC. and     )
GEORGE L. TAYLOR,              )
                               )
        Defendants.            )
_____)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I served a copy of the foregoing SPECIAL APPEARANCE

AND ANSWER OF GEORGE L. TAYLOR upon the following parties, by U.S. Mail with proper postage

affixed, to:

W. Andrew Bowen, Esq.
Bowen Painter, LLC
P.O. Box 8966
Savannah, Georgia 31412

This 13th day of July, 2015

Martina Palatto
Martina G. Palatto
State Bar No. 636027

6

## IN THE STATE COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CHARLES PACKARD,                    )
                                    )
    Plaintiff,              )
                                    )
v.                                  )    Civil Case No.: CV-2015-0082
                                    )
TEMENOS ADVISORY, INC. and          )
GEORGE L. TAYLOR,                   )
                                    )
    Defendants.             )

---

## DEFENDANT GEORGE L. TAYLOR'S MOTION TO DISMISS AND BRIEF IN SUPPORT OF

COMES NOW George L. Taylor, Defendant in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-12 et seq, hereby files this, his Motion and Brief in Support of Motion to Dismiss, respectfully showing this Court as follows:

### Introduction

On or about May 1, 2015, Plaintiff Charles Packard filed a Complaint against Temenos Advisory, Inc. and George L. Taylor alleging breach of an oral employment agreement. Compl., ¶ 16. Within the Complaint, Plaintiff alleges that in July of 2010 he entered into an oral agreement with Temenos Advisory, Inc. and George L. Taylor. Compl., ¶ 5. George L. Taylor is the Chief Executive Officer of Temenos Advisory, Inc. ("Temenos"). *See* Affidavit of George L. Taylor, ¶ 9 filed contemporaneously herewith. A true and correct copy is attached hereto as **Exhibit "A."** Mr. Taylor refutes the claim that any alleged oral agreement was made between Mr. Packard and Mr. Taylor personally. *See* Aff. of George Taylor, ¶ 12.

Plaintiff acknowledges that Defendant George L. Taylor is a resident of the state of Connecticut. Compl., ¶ 2.  Thus, in order to exercise jurisdiction over this Defendant, Plaintiff

1

must satisfy the requirements of the Georgia Long Arm Statute. However, Plaintiff has not alleged within his complaint why jurisdiction is proper over Mr. Taylor under the Georgia Long Arm Statute. At the same time, Mr. Taylor has filed his Affidavit stating that he did not personally enter into any employment agreement with Mr. Packard. *See* Aff. of George Taylor, ¶ 12. Any negotiations or agreements between Temonos Advisory, Inc. and Mr. Packard were conducted in New Hampshire. *See* Aff. of George Taylor, ¶ 10. Mr. Taylor also testifies by Affidavit that he does not own any real property in Georgia. *See* Aff. of George Taylor, ¶ 11.

Plaintiff has also been unable to effectuate proper service on either Temenos Advisory Inc. or George L. Taylor. On May 14, 2015, the Return of Service shows that Defendant Temenos Advisory, Inc. was not served. *See* Sheriff's Return of Service attached hereto as **Exhibit "B."** To date, Plaintiff has not filed any service documents showing service made on George L. Taylor. However, Plaintiff's counsel provided a copy of an attestation dated June 11, 2015, alleging that a state marshal attempted service on George L. Taylor by leaving a copy of the Summons, Complaint, and Plaintiff's Notice of Unrelatedness Certification at Defendant's usual place of abode. A copy of this Attestation dated June 11, 2015 is attached hereto as **Exhibit "C."**

In response, Defendant George L. Taylor states that the above-referenced documents were not personally served on him, as required by Georgia law. *See* Aff. of George Taylor, ¶ 7. Instead, the documents were left in the crack of an office door located on the same premises as his residence. At some point after the documents were left in the doorway, an employee at the office pulled the documents out of the doorway. Defendant George L. Taylor now files this Motion to Dismiss, concurrently with his Special Appearance and Answer, respectfully requesting this Court dismiss this Complaint for the reasons set forth below.

<u>**Argument & Citation to Authority**</u>

**I.**    <u>**Lack of Personal Jurisdiction over this Defendant.**</u>

Plaintiff has failed to allege sufficient facts to prove Defendant George Taylor is subject to the

jurisdiction of this Court pursuant to the Georgia Long Arm Statute. Plaintiff has alleged that both

Defendants entered into a verbal contractual relationship with him in Glynn County, Georgia.

Compl. ¶¶ 4-5. The Plaintiff does not otherwise suggest how the Georgia Long Arm Statute

applies. After a review of the pleadings, it appears Plaintiff's allegations implicate only the first

subsection of the Georgia Long Arm statute; that is transacting any business in the state.

There is a two-step process to determine whether a court may exercise personal jurisdiction

over a nonresident defendant. *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593

F.3d 1249 (11th Cir. 2010); *see also Power Guardian, LLC v. Directional Energy Corp. & FTC

Energy, Inc.*, 904 F. Supp.2d 1313 (2012). The first step is to determine whether the Long Arm

Statute allows for personal jurisdiction, and the second step is to determine whether exercising

jurisdiction comports with due process. *Rice v. Petedge, Inc.*, 975 F. Supp.2d 1364 (N.D. Ga.

2013).

The Georgia Long Arm Statute provides in pertinent part:

> A court of this state may exercise personal jurisdiction over any nonresident or his
> or her executor or administrator, as to a cause of action arising from any of the acts,
> omissions, ownership, use, or possession enumerated in this Code section, in the
> same manner as if he or she were a resident of this state, if in person or through an
> agent, he or she:
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of
> action for defamation of character arising from the act;
> (3) Commits a tortious injury in this state caused by an act or omission outside this
> state if the tort-feasor regularly does or solicits business, or engages in any other
> persistent course of conduct, or derives substantial revenue from goods used or
> consumed or services rendered in this state;
> (4) Owns, uses, or possesses any real property situated within this state.

3

O.C.G.A. § 9-11-91. Courts examine what contacts, if any, a defendant has with this state by focusing on whether, "(1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice." *Stubblefield v. Stubblefield*, 296 Ga. 481, 483, 769 S.E.2d 78, 81 (2015). When considering the specific allegation of transacting any business within the state, the Court should consider whether "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) the cause of action arises from or is connected with such act or transaction, and (3) the exercise of jurisdiction ... does not offend traditional fairness and substantial justice." *Culliford v. Am. Kiko Goat Ass'n*, 2:10-CV-112-RWS, 2012 WL 3138971, at *2 (N.D. Ga. Aug. 1, 2012) (citing *Aero Toy Store, LLC v. Grieves,* 279 Ga.App. 515, 631 S.E.2d 734, 737 (Ga.Ct.App.2006)).

Georgia courts have considered what kinds of activities fall under the ambit of "engaged in business," "committed tortious acts," or "regularly solicit business" in this state. When long arm jurisdiction is invoked by a party, the Court must "examine all of the nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." *Brannies v. Internet ROI, Inc.*, 2014 WL 6879104 *2 (N.D. Ga. 2014). Further, the Plaintiff must also show that the cause of action arises out of those transactions." *Id.*

Here, in response to Plaintiff's bare allegation that both Defendants were a party to an alleged oral agreement with Mr. Packard, Mr. Taylor has submitted an Affidavit refuting this claim. Mr. Taylor testifies by affidavit that he did not enter into any purported verbal agreement with Mr. Packard. Further, Mr. Taylor testified by affidavit that any negotiations he had with Mr. Packard related to the terms of a proposed oral employment agreement took place in New Hampshire. Moreover, the claims at issue arise out of an alleged breach of the employment

4

contract and not the negotiation of the contract. There is no allegation that Mr. Taylor personally took part in the breach. In other words, Mr. Taylor has not participated in any of the underlying facts related to this lawsuit or had any negotiations in connection with the facts and circumstances underlying this lawsuit in the state of Georgia. *See Stuart v. Peykan, Inc.* 261 Ga. App. 46, 49-50, 581 S.E.2d 609 (2003) (noting that an out of state Defendant entering into a contract (or negotiating a contract) with Georgia resident outside of state is not sufficient in and of itself to confer jurisdiction under long arm).

Jurisdiction over a corporate officer is not automatic; rather, jurisdiction may be exercised only when the Defendant was a primary participant in any alleged wrongdoing intentionally directed at a Georgia resident. *See Gregory v. Preferred Financial Solutions*, 2013 WL 5725991, *5 (M.D. Ga. 2013). Plaintiff has not come forward with any facts alleging that Mr. Taylor personally participated in any wrongdoing. Thus, any exercise of personal jurisdiction over him is improper.

Even if Mr. Packard could somehow allege Mr. Taylor is subject to the Georgia Long Arm Statute, the inquiry does not end there. The second step in determining whether the Court may exercise personal jurisdiction over the Defendant is to determine whether it comports with due process. The Plaintiff must show that Defendant has minimum contacts with the forum state to satisfy constitutional jurisdictional requirements. In addition, due process requires exercise of jurisdiction over defendant must comport with traditional notions of fair play & substantial justice. *Rice v. Petedge, Inc.*, 975 F. Supp.2d 1364 (N.D. Ga. 2013).

Mr. Taylor is a Connecticut resident who did not personally transact any business within the state of Georgia connected to the underlying transaction in this case. Focusing on Mr. Taylor's conduct as alleged in the Complaint, the only assertion Plaintiff makes such that would suggest

5

Mr. Taylor fairly subjected himself to this jurisdiction is that he allegedly entered into a contract with a Georgia defendant. Mr. Taylor has come forward with evidence to refute he personally entered into a contract with Mr. Packard and further refutes that any agreement was negotiated or entered into in the state of Georgia. While all of Mr. Packard's activities in working for Temenos Advisory, Inc. may have been conducted in Georgia, it does not follow that this would subject Mr. Taylor to the jurisdiction of this Court. *See Stuart, supra* (noting that negotiation of contract with Georgia resident out of state does not in and of itself establish minimum contacts). For these reasons, it cannot fairly be said that Mr. Taylor personally engaged in significant activities or otherwise purposefully availed himself of the benefits of this jurisdiction.

When a defendant comes forward with affidavit testimony in disproving factual allegations in a plaintiff's complaint, the plaintiff may not rest on the allegations within the Complaint but instead must provide its own supporting documentation. Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. *Beasley v. Beasley*, 260 Ga. 419, 420, 396 S.E.2d 222 (1990); *see also Meier ex rel. Meier v. Sun. Intern. Hotels, Ltd*, 288 F.3d 1264, 1268-69 (11th Cir. 2002 (explaining the traditional rule that when a defendant submits affidavit contradicting a plaintiff's allegations regarding personal jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction). Here, Plaintiff has not come forward with any evidence that would allow this Court to exercise personal jurisdiction over Defendant. Accordingly, this Motion to Dismiss for lack of personal jurisdiction must be granted because Defendant is not subject to jurisdiction under the Long Arm Statute.

6

## II.   Improper Service under the Georgia Long Arm Statute.

Assuming that Plaintiff can make a proper showing under the Georgia Long Arm Statute that Defendant George Taylor is subject to the jurisdiction of this court, the trial court lacks personal jurisdiction over Mr. Taylor because service of process was insufficient.   A person subject to jurisdiction under the Long Arm Statute may be served with summons outside the state in the same manner as service made within the state. O.C.G.A. § 9-10-94.  Plaintiff's counsel is in possession of an attestation from a state marshal, ostensibly from Connecticut stating that he made "legal service" upon "George L. Taylor" by leaving the documents at his usual place of abode. See Exhibit "C" attached hereto.  This document has not been filed with the Court.

In response, George Taylor has provided an Affidavit affirmatively stating that he was never personally served with a copy of the summons and complaint.  *See* **Exhibit "A."**  Instead, he testifies by way of his Affidavit that they were left at the office building located at the same address as his home. *See* **Exhibit "A."**  This is not proper service under Georgia law.

Personal service in the state of Georgia must be made by either personally serving the defendant or leaving copies of the summons and complaint at the defendant's usual place of abode *with some person of suitable age and discretion residing therein.* O.C.G.A. § 9-11-4(e)(7) (emphasis added).  The fact that a Defendant has adequate knowledge of a complaint by virtue of . process is not sufficient to effectuate proper service under Georgia law. *Swanigan v. Leroux*, 240 Ga. App. 550, 550, 524 S.E.2d 244 (1999).

Here, the service document provided by the state marshal states that the marshal left the documents at the usual place of abode but does not otherwise identify any person to whom he handed the documents.  *See* **Exhibit "C."**  At the same time, Mr. Taylor also makes clear in his Affidavit that the documents were not left with an individual but rather stuck inside a door frame

7

of his office.  *See* Exhibit "B."  Georgia courts have considered similar scenarios where a nonresident defendant was not served in the same manner as provided for under Georgia law and held service improper.  *Oglesby v. Deal*, 311 Ga. App. 622, 626, 716 S.E.2d 749 (2011).  After stating the Georgia rule that a Defendant must be served personally or at the usual place of abode, the Court determined that serving process upon a Defendant's mother where she used to reside was insufficient. *Id.* Similarly, Mr. Taylor has brought forth evidence to show that he was not served personally or at his usual place of abode by someone of suitable age and discretion. Therefore, there is no evidence in the record to suggest that Plaintiff properly effectuated service on Defendant George Taylor.

### Conclusion

For the foregoing reasons, Mr. Taylor respectfully requests his Motion to Dismiss be granted on any of the above-stated grounds.

This 13th day of July, 2015.

Post Office Box 21828
St. Simons Island, Georgia 31522
(912) 638-5200
(912) 638-5200 – Fax

ROBERTS TATE, LLC

BY: _Martina Palatto_

James L. Roberts, IV
State Bar No. 608580
Martina G. Palatto
State Bar No. 636027
Attorneys for Defendants

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                    )
                                    )
    Plaintiff,              )
                                    )       Civil Case No.: CV-2015-0082
v.                                  )
                                    )
TEMENOS ADVISORY, INC. and          )
GEORGE L. TAYLOR,                   )
                                    )
    Defendants.            )
_____)

## AFFIDAVIT OF GEORGE L. TAYLOR

STATE OF CONNECTICUT
COUNTY OF NEW HAVEN

    Pursuant to O.C.G.A. § 9-11-4 and O.C.G.A. § 9-10-94  personally appeared before the undersigned officer who is duly authorized by law to administer oaths, George L. Taylor, who, after being duly sworn on oath, deposes and states the following:

1. My name is George L. Taylor, and I am a resident of the state of Connecticut.

2. I am of majority age and am of sound mind to provide this Affidavit.

3. The matters set forth herein are based upon my own personal knowledge.

4. My address is 265 Chestnut Hill Road, Litchfield, New Haven, Connecticut, 06759.

5. There is both an office building and a home located at this same address.

6. On or about June 11, 2015, an employee working at the office building at this address found a set of documents, including a Summons, Complaint, and a document titled Plaintiff's Notice of Unrelatedness Certification Under Rule 3.2 & Exhibit, left in the crack of the office building door.



7. These documents were not personally handed to me, nor am I aware of the exact time or that these documents were left at the door of the office building.

8. Temenos Advisory, Inc. is a Connecticut corporation licensed to do business in Georgia.

9. I am an the Chief Executive Officer of Temenos Advisory, Inc.

10. Upon information and belief, I negotiated the terms of Charles Packard's employment with Temenos Advisory, Inc. in 2010. All negotiations and discussion occurred in the state of New Hampshire. Any employment agreement between Charles Packard and Temenos Advisory, Inc. would have been entered into in the state of New Hampshire.

11. I do not personally own any real property in Georgia.

12. I did not personally enter into a verbal employment agreement with Charles Packard, the Plaintiff in this case.

13. The above stated facts are true and correct based on my personal knowledge.

FURTHER AFFIANT SAY NOT

George L. Taylor

Sworn to and subscribed before me this
the 2 day of July, 2015.

Notary Public, _____ County, _____
My Commission Expires: _____

(NOTARY PUBLIC)

KATHARINE KAZIMIERCZAK
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP. 02-28-17

06/23/2015   11:02      9122613849              GLYNN CTY STATE CT                          PAGE 01/01



**GLYNN COUNTY SHERIFF'S OFFICE**    2024

*Return of Service in the matter of:*              Case Number CV 20 1500 82

Charles Packard
_____

                              Plaintiff(s)

**Vs** Temenos Advisory, Inc. and
_____

George L. Taylor
_____

                              Defendant(s)
_____

_____

                              Garnishee

Cause of Action
_____

    W. Andrew Bowen
_____

                              Plaintiff or Plaintiff's Attorney)

***NAME and ADDRESS of the PERSON TO BE SERVED***

Temenos Advisory Inc.
_____

c/o Registered Agent, George L. Taylor
_____

200 Plantation Chase, St. Simons Island, GA
_____

## SHERIFF'S RETURN OF SERVICE

I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.

I further certify that on the _____ day of _____, 20 ____ I did serve the summons and complaint on the above named defendant at _____ (Street Address)
_____ (City, State / Zip) a place, by:

☐ **PERSONAL SERVICE**  I have this day served the Defendant, _____ with a true copy of the within petition and summons.

☐ **RESIDENTIAL SERVICE**  I have this day served the Defendant, _____ with the within, a true copy of the within petition and summons by serving same upon _____ in person residing within the premises.

☐ **CORPORATE SERVICE**  I have this day served the Defendant, _____ a corporation, with a true copy of the within petition and summons by handing the same in person to _____ officer of the corporation.

☐ **TACKED AND MAILED SERVICE**  I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

☐ **GARNISHEE**  I have this day served the Summons of garnishment upon _____ by handing the original of same to _____, a person, at _____, he/she being the _____ and agent in charge of _____ at the time of service in Chatham County.

☐ **MAILED SERVICE**  This is to certify that I have this day served the defendant, _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.   *APPROVED*

☑ **DILIGENT SEARCH**  Diligent search was made and Defendant is not to be found in the jurisdiction of said County.

Nov 15 13  09:40

George L. Taylor – (New Address)
265 Chestnut Hill Rd.
Litchfield, Ct. 06759

_____
Sheriff / Deputy Sheriff, Glynn County, Georgia

SHERIFF'S COPY                                    28, Sheriff's

State of Connecticut

    City of: Litchfield                              June 11, 2015

County of  New Haven

    Then and there by virtue hereof and the special direction of The Plaintiff's Attorney, I made due an legal service upon the within named Defendant: George L. Taylor by leaving at the usual place of abode at 265 Chestnut Hill Road, Litchfield, Connecticut, a true and attested copy of the within, Summons, Complaint, Plaintiff's Notice Of Unrelatedness Certification Under Rule 3.2 & Exhibit, with my endorsement thereon,

    The within and foregoing is the Original Summons, Complaint, Plaintiff's Notice Of Unrelatedness Certification Under Rule 3.2 & Exhibit, with my doings endorsed hereon.

                           Attest:

                           Michael Brown
                           State Marshal



EXHIBIT

C

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHARLES PACKARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No.: CV-2015-0082 |
| v. | ) | |
| | ) | |
| TEMENOS ADVISORY, INC. and | ) | |
| GEORGE L. TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served a copy of the foregoing MOTION TO DISMISS

AND BRIEF IN SUPPORT OF upon the following parties, by U.S. Mail with proper postage affixed,

to:

W. Andrew Bowen, Esq.
Bowen Painter, LLC
P.O. Box 8966
Savannah, Georgia 31412

This 13th day of July, 2015

_Martina Palatto_
Martina G. Palatto
State Bar No. 636027

9

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                    )
                                    )
        Plaintiff,                  )
                                    )       Civil Case No.: CV-2015-0082
v.                                  )
                                    )
TEMENOS ADVISORY, INC. and          )
GEORGE L. TAYLOR,                   )
                                    )
        Defendants.                 )
                                    )

## NOTICE OF FILING OF ORIGINAL AFFIDAVIT OF GEORGE L. TAYLOR

COME NOW, Defendant George Taylor in the above styled case, and hereby files this

Affidavit of George Taylor (attached hereto as Exhibit "A").

RESPECTFULLY SUBMITTED, this ___13___ day of July, 2015.

ROBERTS TATE, LLC

BY: _____
        James L. Roberts, IV
        State Bar No. 608580
        jroberts@robertstate.com
        Martina G. Palatto
        State Bar No. 636027
        mpalatto@robertstate.com

Post Office Box 21828
St. Simons Island, Georgia
(912) 638-5200 – phone
(912) 638-5300 – fax

CLERK OF STATE COURT
GLYNN COUNTY, GEORGIA
2015 JUL 13  PM 12: 20
ORIGINAL
FILED IN OFFICE

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                    )
                                    )
        Plaintiff,                  )
                                    )          Civil Case No.: CV-2015-0082
v.                                  )
                                    )
TEMENOS ADVISORY, INC. and          )
GEORGE L. TAYLOR,                   )
                                    )
        Defendants.                 )
_____ )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record with the foregoing **Notice of Filing of Original Affidavit of George L. Taylor** by mailing a copy of the same to:

W. Andrew Bowen, Esq.
Bowen Painter, LLC
P.O. Box 8966
Savannah, GA 31412

Via U.S. Mail with proper postage affixed thereon to assure delivery of the same.

RESPECTFULLY SUBMITTED, this ___13th___ day of July, 2015.

ROBERTS TATE, LLC

BY:  ___Martina Palatto___
        James L. Roberts, IV
        State Bar No. 608580
        jroberts@robertstate.com
        Jason M. Tate
        State Bar No. 140827
        jtate@robertstate.com
        Martina G. Palatto
        State Bar No. 636027
        mpalatto@robertstate.com

Post Office Box 21828

St. Simons Island, Georgia 31522
(912) 638-5200
(912) 638-5200 - Fax

# Exhibit "A"

Exhibit "A"

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

CHARLES PACKARD,                    )
                                    )
        Plaintiff,                  )
                                    )        Civil Case No.: CV-2015-0082
v.                                  )
                                    )
TEMENOS ADVISORY, INC. and          )
GEORGE L. TAYLOR,                   )
                                    )
        Defendants.                 )
_____)

## AFFIDAVIT OF GEORGE L. TAYLOR

STATE OF CONNECTICUT
COUNTY OF NEW HAVEN

Pursuant to O.C.G.A. § 9-11-4 and O.C.G.A. § 9-10-94   personally appeared before the undersigned officer who is duly authorized by law to administer oaths, George L. Taylor, who, after being duly sworn on oath, deposes and states the following:

1. My name is George L. Taylor, and I am a resident of the state of Connecticut.

2. I am of majority age and am of sound mind to provide this Affidavit.

3. The matters set forth herein are based upon my own personal knowledge.

4. My address is 265 Chestnut Hill Road, Litchfield, New Haven, Connecticut, 06759.

5. There is both an office building and a home located at this same address.

6. On or about June 11, 2015, an employee working at the office building at this address found a set of documents, including a Summons, Complaint, and a document titled Plaintiff's Notice of Unrelatedness Certification Under Rule 3.2 & Exhibit, left in the crack of the office building door.

7. These documents were not personally handed to me, nor am I aware of the exact time or that these documents were left at the door of the office building.

8. Temenos Advisory, Inc. is a Connecticut corporation licensed to do business in Georgia.

9. I am an the Chief Executive Officer of Temenos Advisory, Inc.

10. Upon information and belief, I negotiated the terms of Charles Packard's employment with Temenos Advisory, Inc. in 2010. All negotiations and discussion occurred in the state of New Hampshire. Any employment agreement between Charles Packard and Temenos Advisory, Inc. would have been entered into in the state of New Hampshire.

11. I do not personally own any real property in Georgia.

12. I did not personally enter into a verbal employment agreement with Charles Packard, the Plaintiff in this case.

13. The above stated facts are true and correct based on my personal knowledge.

FURTHER AFFIANT SAY NOT

George L. Taylor

Sworn to and subscribed before me this
the ⎯ day of July, 2015.

Notary Public, _____ County, _____
My Commission Expires: _____

(NOTARY PUBLIC)

KATHARINE KAZIMIERCZAK
NOTARY PUBLIC
STATE OF CONNECTICUT
MY COMM. EXP. 02-28-17

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CHARLES PACKARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| | ) | Glynn State Court Civil Case No.: CV |
| | ) | 2015-0082 |
| v. | ) | |
| | ) | |
| TEMENOS ADVISORY, INC. and | ) | |
| GEORGE L. TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal was served on the following

via first-class U.S. mail on July 13, 2015:

W. Andrew Bowen, Esq.
Bowen Painter, LLC
P.O. Box 8966
Savannah, Georgia 31412

ROBERTS TATE, LLC

\s\ *James L. Roberts, IV*
James L. Roberts, IV
Georgia Bar No. 608580
jroberts@robertstate.com
Lacey Houghton
Georgia Bar No. 363614
lhoughton@robertstate.com

Post Office Box 21828
St. Simons Island, Georgia 31522
(912) 638-5200 – Office
(912) 638-5300 – Fax

5