IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES PACKARD,

    Plaintiff,

v.

TEMENOS ADVISORY, INC.; and GEORGE L. TAYLOR,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-87

**O R D E R**

Before the Court is the parties' Motion for a Protective Order Regarding Confidential Information. (Doc. 33.) For the reasons and in the manner set forth below, this Motion is **GRANTED** with modifications.

Pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26(c)"), a party may move for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). For example, a party may seek an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A court, in turn, may issue the protective order if "good cause" is shown. Fed. R. Civ. P. 26(c)(1); see also Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 336 (11th Cir. 2011) ("The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))). "In addition to requiring good cause, the district court must 'balance the interests of those requesting

the order.'" Ekokotu, 408 F. App'x at 336 (quoting McCarthy v. Barnett Bank of Polk Cnty., 876 F.2d 89, 91 (11th Cir. 1989)).

The parties in this case have demonstrated good cause in arguing that a protective order is necessary by explaining that this action is presently in discovery, and it appears that such discovery will involve review and production of information and documents that the Parties desire to be held in confidence. Documents and information have been requested and will be produced by the Parties in this action, voluntarily or pursuant to discovery proceedings, which constitute or reflect confidential information regarding the business relationship of the parties as well as the Defendants' clients' information.

Accordingly, good cause having been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that the Parties consent to entry of this Consent Protective Order ("Protective Order"), the Court enters the parties' requested Order with modifications. However the Court makes clear that:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms; and

(2) Nothing in this protective order, including paragraph four, shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents.

IT IS HEREBY ORDERED THAT the following terms and conditions shall govern the exchange of information in this case:

1. <u>Scope of Stipulation and Order.</u> This Stipulation and Order governs the handling of any designated documents or information produced in the above-captioned action and specifically agreed to between the parties and identified as subject to this Protective Order, including deposition testimony, testimony taken at a hearing or other proceeding, declarations, affidavits, interrogatory answers, documents, and discovery requests made pursuant to the

2

Federal Rules of Civil Procedures and the Georgia Civil Practice Act, as well as any materials in the possession of any party to the above-captioned action at the time of the filing of such action.

2. <u>Confidential Material</u>. Plaintiff and Defendants may designate any material that compromises or contains information which such party or witness claims in good faith to constitute personnel records, salary information, customer or commercial information, information of a personal or private nature, confidential and proprietary information, privileged information, trade secrets, or financial or other business information which has not generally been made available to the public at large and which, if not protected via this Order, would harm the interests of the parties or any employees of the parties or third parties as (a) "CONFIDENTIAL," or (b) in the event the party or witness claims in good faith that disclosure of the information to the other parties to the action could either result in competitive injury or commercial damage to the party or witness, pose a security risk, or have the potential to jeopardize business interests, as "CONFIDENTIAL— ATTORNEY'S EYES ONLY." Either of which is hereinafter referred to as "Confidential Material." A party will designate material as Confidential Material by marking it "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such designations shall be made pursuant to Paragraph 5 of this Stipulation and Protective Order.

3. <u>Access to Confidential Material Subject to this Protective Order</u>. Confidential Material marked "CONFIDENTIAL" and identified as subject to this Protective Order shall be available only to the following: (i) persons who have entered appearances as counsel of record in this action and persons working in the office of such counsel (such as other lawyers and clerical, paralegal and secretarial personnel) for purposes related to the prosecution or

defense of this action; (ii) the Court; (iii) the named parties to this action and the officers, directors, and employees of the named parties who are participating in the prosecution or defense of this action; (v) experts or consultants retained in connection with this litigation to the extent deemed necessary for the prosecution of this litigation; (vi) deponents in this action; (vii) stenographers and court reporters in connection with the recording of sworn testimony; and (viii) such other persons as the parties agree in writing, in advance, provided that all such persons have signed an Acknowledgment of Confidentiality Agreement in the form marked as Exhibit "A" attached to the Parties' Joint Motion for Entry of Joint Stipulation and Protective Order (doc. 33-1, p. 12). Counsel to whom Confidential Material is produced shall keep in his/her files an original of each such signed Acknowledgement and Confidentiality form.

Confidential Material marked "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be available only to an individual who the parties expressly agree in writing has already seen and read the particular Confidential Material provided that all such persons have signed an Acknowledgment of Confidentiality Agreement in the form marked as Exhibit "B" attached to the Parties' Joint Motion for Entry of Joint Stipulation and Protective Order (doc. 33-1, p. 13), as well as to counsel for the named parties who are actively billing time to this matter and their employees, including attorneys, secretaries, paralegals, copy services, file clerks, and court reporters. Such materials also may be disclosed to outside consultants/experts (and their employees as of the date this lawsuit was filed) already designated and disclosed to the opposing parties as retained expert witnesses in this action provided that all such persons have signed an Acknowledgment of Confidentiality Agreement in the form marked as Exhibit "B" attached to the Parties' Joint Motion for Entry of Joint Stipulation and Protective Order (doc. 33-

1, p. 13); and also to a consultant/expert who is not so designated by the party in this litigation. At the conclusion of the litigation, the Parties agree to provide all copies of the Acknowledgement of Confidentiality Agreement signed by any individual or entity to whom the information was so disclosed. Only such information of the Confidential Material as is necessary shall be disclosed to the intended recipient. Counsel to whom Confidential Material is produced shall keep in his/her files an original of each such signed Acknowledgement and Confidentiality form.

If an opposing party objects to the disclosure of information to any particular recipient, or to any portion thereof, such party shall make any objection in writing to be received by the party seeking to disclose the information within five (5) business days after learning the identity of the recipient. In the event an objection is received as set forth, no disclosure of the Confidential Material shall be made to the intended recipient except upon subsequent agreement of the parties or the further order of the Court. The parties agree that, in the event that a party submits such a dispute to the Court, the objecting party has the burden before the Court to show a reasonable, good faith basis to justify its objection. The Court will hear any such objection in camera.

4. <u>Use of Confidential Material</u>. All Confidential Material designated pursuant to Paragraphs 2 and 5 of this Stipulation and Protective Order shall be utilized solely for purposes of this litigation and for no other purpose and shall be disclosed only to the persons listed in Paragraph 3.

5. <u>Marking of Confidential Material</u>. Any party to this action can designate Confidential Material in the litigation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The party shall do so in the following manner:

If the information is a document and is produced by the party seeking to designate the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," the party shall mark the document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" on the face of the document. If any material has multiple pages, the appropriate designation need only be placed on the first page of such material. If the information is in a document produced by, or is on the possession of, someone other than the party seeking to designate the document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," the party seeking to designate the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall notify the other parties in writing that it considers the information "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and any party in possession of the information shall thereafter treat the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

If particular Confidential Material exists only in electronic format, then a party seeking to designate such material as Confidential Material shall create a written log clearly identifying such material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and shall produce such log to the opposing parties. Upon receipt of such log, the opposing parties shall limit access to such material as outlined by this Stipulation and Order.

If Confidential Material is likely to be disclosed through oral testimony of a particular witness or is disclosed, then a party seeking to designate such material as Confidential Material shall notify the opposing parties prior to such testimony or within ten days after the date

of the deposition that it seeks to designate such material as Confidential Material. If a party complies with this requirement, then the court reporter shall mark each page of the transcript of such testimony with the appropriate designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" at the direction of the designating party.

6. <u>Inadvertent Disclosure</u>. Confidential Material inadvertently disclosed without being designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may thereafter be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by promptly notifying the party receiving the information in writing that such information is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and the receiving party shall thereafter treat the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (as so designated) and shall take the steps it deems reasonably necessary to ensure that others who receive the information thereafter treat it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

7. <u>Treatment of Confidential Material upon Termination of Litigation</u>. At the conclusion of this action, including any appeal taken from a final judgment entered herein, each party, its experts and its counsel shall return to the opposing party or destroy (and certify such destruction in writing to such other party) all information designated hereunder as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," including any copies, at the option of the opposing party. The termination of this litigation shall not relieve any person who has had access to such information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" from the obligations imposed by this Stipulation and Order.

8. <u>Challenge to Confidentiality Designation</u>. Nothing herein shall be deemed or construed to constitute an agreement or admission by a party that information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is, in fact, sensitive and entitled to any protection from disclosure or is a trade secret, confidential, or proprietary in nature. At any time, either party may advise the opposing party in writing that the party has a good faith belief that specifically identified Confidential Material is not entitled to "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" treatment. The opposing party may then file with the Court within thirty days of such notice a motion for a protective order with respect to the specifically identified Confidential Material, and, until ruled upon, the Confidential Material shall continue to be treated in accordance with the provisions of this Stipulation and Order. Any hearing on such a motion for protective order will be conducted by the Court in camera. If appropriate, the court reporter shall mark each page of the transcript of any such hearing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

9. <u>Use of Confidential Material in Evidence</u>. Any Confidential Material marked "CONFIDENTIAL" may be offered into evidence in open court unless any party obtains an appropriate protective order from the Court. Each party must be given notice of another party's intention to offer such material into evidence and a sufficient opportunity to seek such a protective order. Designation of Confidential Material marked "CONFIDENTIAL" in a final pretrial order in a manner that clearly provides notice that such Confidential Material may or will be introduced at trial shall be sufficient notice. **Should a party seek to file any materials under seal, they will be required to do procedures set forth in Local Rule 79.7.**

10. <u>Failure to Designate Confidential Material</u>.  The failure to designate information, documents, evidence, or testimony as Confidential Material shall not constitute a waiver of any party's claim outside this litigation that such information, documents, evidence, or testimony do contain trade secrets and/or proprietary information or otherwise constitute confidential information;  provided, however, that where a producing party has produced information without a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and an opposing party has subsequently disclosed such information to a third party, the fact that the producing party later files a motion seeking to impose a designation upon that same information shall not cause the opposing party to be in violation of this Stipulation and Protective Order and shall not subject it to any sanction or liability to the producing party provided that the subsequent disclosure occurred before the producing party filed a motion seeking to impose a designation upon that information.  The subsequent inadvertent disclosure by any party of any documents or information labeled as or constituting Confidential Material shall not operate as a waiver of their confidentiality.

In the event a party has filed with the Clerk of Court papers or information that it later seeks to have any designation of confidentiality attached thereto or to have placed under seal, the party will present a request to the Court for such designation to be made.  The parties agree to work within the constraints and procedures of the Clerk's Office in seeking to impose such a later designation on previously and publicly filed documents.  The inability of the Clerk's Office to provide a designation of confidentiality after the document or paper in question has been publicly filed shall not limit a party from seeking such a designation in any and all other contexts.

11. <u>Preservation of Other Objections</u>.  Neither the entry of this Stipulation and Protective Order nor the production of Confidential Material hereunder shall in any way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

**SO ORDERED**, this 28th day of October, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA