# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

CHARLES PACKARD,

       Plaintiff,

   v.

TEMENOS ADVISORY, INC.; and GEORGE
L. TAYLOR,

       Defendants.

CIVIL ACTION NO.: 2:15-cv-87

## **O R D E R**

This matter comes to the Court on Defendants' Motion to Compel Plaintiff's Response to Defendants' Request for Production of Documents. (Doc. 46.) Plaintiff filed a Response. (Doc. 52.) Based on Plaintiff's Response, in which he indicates he has produced the requested documents, the Court **DENIES** Defendants' Motion as moot.

The Court also **DENIES** Defendants' Motion, because Defendants have not made the efforts that the Federal Rules of Civil Procedure and this Court's local rules require before filing this discovery motion. <u>See</u> Fed. Rs. Civ. P. 26(c) & 37(a)(1); L.R. 26.5.[1] Specifically, other than arguably in their original request to Plaintiff, Defendants only requested the production of these documents on one occasion. In a letter written to Plaintiff's counsel dated February 9, 2016, Defendants' counsel stated, "[P]lease consider this letter as a good faith effort to resolve a discovery dispute. Mr. Packard in his deposition at page 32 stated that he had bank statements

---

[1] Counsel's duty to work in good faith to resolve a discovery dispute before involving the Court is not only required by the governing Rules, it is grounded in sound policy. "Discovery, after all, should be a self-executing, extrajudicial exercise requiring at most infrequent court intervention. 'Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources.'" <u>Scruggs v. Int'l Paper Co.</u>, No. CV411-203, 2012 WL 1899405, at *1 (S.D. Ga. May 24, 2012) (quoting <u>Avera v. United Airlines, Inc.</u>, 465 F. App'x 855, 858–59 (11th Cir. 2012)).

that he has not produced. Please produce all bank statements . . . from January 1, 2010 to March 31, 2015 within ten (10) days of [this] letter." (Doc. 46-2, pp. 2–3.) Defendants' counsel placed these three sentences as the closing paragraph of his letter, which is a document consisting of more than two pages of single-spaced sentences warning Plaintiff's counsel about the dangers of pursuing abusive litigation. (Doc. 46-2.) These three sentences hardly constitute a good faith effort to resolve a discovery dispute. Greenwood v. Point Meadows Place Condo. Ass'n, Inc., No. 3:10-CV-1183-J-34TEM, 2011 WL 5358682, at *1 (M.D. Fla. Nov. 7, 2011) ("The undersigned does not believe that a single piece of written correspondence outlining purported deficiencies with discovery responses is a sufficient effort to confer in good faith with opposing counsel to resolve a pretrial dispute.")

In the future, the Court expects the parties to engage in actual good faith efforts to resolve any dispute—discovery or otherwise—in an effort to keep judicial interference in litigation to only those instances in which such interference is absolutely necessary.

**SO ORDERED**, this 29th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA