IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES PACKARD,

    Plaintiff,

v.

TEMENOS ADVISORY, INC.; and GEORGE L. TAYLOR,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-87

**O R D E R**

This matter comes before the Court on Defendants' Motion to File Under Seal. (Doc. 42.) For the reasons set forth below, Defendants' Motion is **GRANTED**.

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Local R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

Defendants have shown good cause for filing their Motion for Summary Judgment and supporting documents under seal. Specifically, Defendants cite this Court's Protective Order entered after the parties filed a Joint Motion for Protective Order and note their documents contain sensitive information, as set forth by this Court's Order. (Doc. 42, p. 1.) Further, Plaintiff has not filed any opposition to Defendants' Motion. Accordingly, the Court **GRANTS** Defendants' Motion to File Under Seal. The documents which already have been filed under

seal shall **REMAIN** under seal.[1]  In addition, the Clerk of Court is **DIRECTED** to place the filing at Docket Number 38 under seal.

**SO ORDERED**, this 29th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The parties are encouraged to review this Court's Local Rules.  In particular, Local Rule 79.7(b) does not permit the filing of documents under seal, unless the Court has permitted such filing.  Rather, this Rule specifically provides that the party seeking to have a matter placed under seal shall file a motion for such a request and provide the matter sought to be filed under seal to the Clerk of Court for safekeeping until this Court's disposition of a party's motion to seal.